# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL FLORES-DELGADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA LYNCH, Attorney General,<br><br>　　　　Respondents. | Case No.: 1:15-cv-00966-JLT<br><br>ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA |

　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　The instant petition was filed on June 5, 2015 in the United States District Court for the Central District of California. (Doc. 1). On June 15, 2015, that court ordered the case transferred to this Court, based upon Petitioner's incarceration by the U.S. Immigration and Customs Enforcement ("ICE") at a facility within this Court's jurisdiction. (Doc. 3). Petitioner alleges that he was "charged with being removable for having committed a crime of moral turpitude" and for having "committed an aggravated felony" in the state of Oregon. (Doc. 1, pp. 3-6). Petitioner alleges that he has been in ICE custody for more than three years, first in Arizona and, later, in Bakersfield, California. (Id., p. 3).

　　　Petitioner further alleges as follows:

> ICE continues to arbitrarily detain him under unlawful detainer he was initially deported in absentia for—Aggravated Felony…not a crime of violence he informed the EOIR that he was in detention litigating that case and the case was ultimately "vacated," …but subsequently

deported, upon motion to reopen from Tacoma, Washington, a change of venue was issued to Eloy Arizona, in Tacoma, Washington petitioner had a $2,000 bond and the (IJ) in Eloy arbitrarily rescinded the bond and denied his cancellation 42B, but he had already had his convictions vacated which was proof of "Changed circumstances"….(Doc. 1, pp. 5-6). Petitioner seeks a new bond hearing and release on supervision or, alternatively, reinstatement of his previous bond from Tacoma Washington.

(Doc. 1, p. 6).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d).  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

In this case, petitioner challenges the revocation of his bond by an Immigration Judge in Eloy, Arizona, which is within the jurisdiction of the District of Arizona.  Petitioner relies upon § 2241 for his challenge which is most closely analogous to a federal petitioner who attacks the execution of his sentence via § 2241, as opposed to an attack on the conviction itself.  In the Court's view then, the proper forum in which to review such a claim would be the district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

Although Petitioner was confined at an ICE facility within this Court's jurisdiction at the time he filed his petition, the Court has accessed the electronic database of the U.S. Department of Homeland Security and determined that Petitioner has been transferred back to the facility in Eloy, Arizona, where his bond problems began.  Traditional venue considerations include the place where the material events took place, the place where the relevant records and witnesses are likely to be found, and the forum most convenient to the parties.  Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 493-494, 93 S.Ct. 1123 (1973).  Without question, judicial efficiency weighs heavily in favor of addressing Petitioner's concerns in Eloy, Arizona, where the Immigration Judge who revoked Petitioner's bond is located, where the parties and attorneys who directly participated in the bond revocation hearing reside, where Petitioner is presently confined, and where all transcripts and documents related to the bond revocation are located.  Indeed, it appears that the only history Petitioner has with this Court is that he was temporarily confined here at the time the petition was

filed.  Although, in most habeas corpus cases, this one fact would be sufficient to retain jurisdiction, in these particular circumstances, the interests of justice require the transfer to the court where Petitioner is presently confined and where all of the issues alleged in the petition first arose.

## **ORDER**

For the foregoing reasons, it is HEREBY ORDERED that this action is transferred to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

Dated:  **July 8, 2015**             **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE