# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Flores-Delgado,<br><br>        Petitioner,<br><br>v.<br><br>Loretta Lynch, et al.,<br><br>        Respondents. | No. CV-15-01273-PHX-JAT (BSB)<br><br>**REPORT AND RECOMMENDATION** |

In June 2015, Petitioner Gabriel Flores-Delgado, who was previously detained in the Mesa Verde Detention Center in Bakersfield, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California.[1] (Doc. 19.) The action was subsequently transferred to the United States District Court for the Eastern District of California. (*Id.*) On July 8, 2015, the Eastern District of California transferred the case to this district. (*Id.*) Petitioner then filed a First Amended Petition that the Court dismissed with leave to amend. (Doc. 17.) On August 31, 2015, Petitioner filed a Second Amended Petition (Petition). (Doc. 18.) Respondents argue that the Petition should be denied because Petitioner is not entitled to relief. (Doc. 25.) Petitioner has filed a "Response in Opposition to the Respondents for

---

[1] Petitioner was transferred to California in April 2015 due to bed space issues in the Eloy Detention Center (EDC) in Eloy, Arizona. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 1, 43, 44.) He was transferred back to EDC on June 2, 2015. (*Id.*)

Writ of Habeas Corpus" (Petitioner's Reply).[2] (Doc. 26.) Petitioner also filed a Motion to Expedite Release. (Doc. 27.) As discussed below, the Court recommends that the Petition and the motion be denied.

## I. Factual and Procedural History

Petitioner, a native and citizen of Mexico, is currently detained at the Eloy Detention Center (EDC) in Eloy, Arizona, awaiting a ruling from the United States Court of Appeals for the Ninth Circuit (Ninth Circuit) on his petition for review. A temporary stay of removal is in effect. (Doc. 25, Ex. 1, Baeza Decl.) The procedural history is discussed in detail below.[3]

### A. Removal Proceedings in Oregon and Washington

On April 14, 2010, the Circuit Court of the State of Oregon, Marion County, convicted Petitioner of Sexual Abuse in the Second Degree. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 6; Attachment B.) On April 15, 2010, Petitioner was taken into the custody of U.S. Immigrations and Customs Enforcement (ICE) and issued a Notice to Appear (NTA), alleging that Petitioner was removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney General. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 7, Attachment C.)

Petitioner was transferred to the Northwest Detention Center (NDC) in Seattle, Washington, pending a hearing before an Immigration Judge (IJ). (*Id.* at ¶ 7.) On May 11, 2010, Petitioner appeared before an IJ who reset his case to August 2, 2010. (*Id.* at ¶ 8.) That same day, Petitioner had a bond hearing and the IJ set bond at $2,000. (*Id.*,

---

[2] Petitioner's reply discusses his eligibility for cancellation of removal and for relief from removal. (Doc. 26 at 10-16.) Petitioner did raise these issues in this Petition and the Court will not consider issues raised for the first time in a reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (stating that the district court need not consider arguments raised for the first time in a reply brief.)).

[3] The procedural history is based on the declaration of Lorenzo Baeza. (Doc. 25, Ex. 1.) Petitioner does not dispute the procedural history as set forth in that declaration.

Attachment D.) On July 30, 2010, Petitioner posted bond and was released from ICE custody. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 9.)

On August 11, 2011, Petitioner failed to appear for a hearing that was scheduled before an IJ in Seattle, Washington and was ordered removed to Mexico in absentia. (*Id.*, Attachment E.) On August 27, 2011, ICE removed Petitioner to Mexico based on his final order of removal. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 11.)

On October 21, 2011, Petitioner filed a motion to reopen the removal proceeding arguing that he failed to appear at the August 11, 2011 hearing because he was in custody pursuant to a bench warrant. (*Id.*, at ¶ 12, Attachment F.) On November 8, 2011, an IJ granted Petitioner's motion to reopen that proceeding. (*Id.* at ¶ 13, Attachment G.)

### B.     Removal Proceedings in Arizona

On March 9, 2012, Petitioner re-entered the United States at or near Sasabe, Arizona, without inspection or parole by an immigration officer. (*Id.* at ¶ 14.) On March 11, 2012, Petitioner was detained and issued a Notice of Intent/Decision to Reinstate Prior Order of Removal. (*Id.*)

On July 30, 2012, Petitioner was convicted in the United States District Court for the District of Arizona of violating 19 U.S.C. § 1459(e)(1), Failure to Enter into the United States at a Designated Border Crossing Point. (*Id.* at ¶ 15, Attachment H.) Petitioner was released to ICE custody in Florence, Arizona, pursuant to an immigration detainer. (Doc. 25, Ex. 1 Baeza Decl. at ¶ 15.) On September 17, 2012, Petitioner appeared before an IJ who reset the case to November 5, 2012. (*Id.* at ¶ 17.)

On October 19, 2012, DHS filed Additional Charges of Inadmissibility/Deportability, charging Petitioner as removable under INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), for having been convicted of a crime involving moral turpitude. (*Id.* at ¶ 18, Attachment I.) On November 29, 2012, the IJ sustained the additional charge of removability and found Petitioner ineligible to apply for cancellation of removal. (*Id.* at ¶ 19.) The IJ also denied voluntary departure and ordered Petitioner removed to Mexico. (*Id.*, Attachment J.) Petitioner reserved his right

to appeal, and filed a timely appeal with the Board of Immigration Appeals (BIA) on December 21, 2012. (*Id*. at ¶ 19.) On April 15, 2013, the BIA dismissed Petitioner's appeal and upheld the IJ's November 29, 2012 decision ordering Petitioner removed to Mexico and pretermitting his application for cancellation of removal under INA § 240A(b)(1). (*Id.* at ¶ 20, Attachment K.)

On August 16, 2013, Petitioner filed a motion to reopen the BIA's April 15, 2013 decision. (*Id.* at ¶ 29.) On September 23, 2013, the BIA construed the motion as a motion for reconsideration and denied it. (*Id.* at ¶ 29, Attachment R.) On October 18, 2013, Petitioner filed a petition for review of the BIA's September 23, 2013 decision in the Ninth Circuit in Case No. 13-73691. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 31.) The Ninth Circuit granted Petitioner a temporary stay of removal while his petition for review remained pending.[4] (*Id.*, Attachment T.)

On June 18, 2013, Petitioner filed another petition for review with the Ninth Circuit in Case No. 13-72155. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 23, Attachment O.) This appeal is currently pending a decision.[5] (*Id.*) On March 19, 2014, the Ninth Circuit combined Petitioner's petitions for review in Case Nos. 13-72155 and 13-73691. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 35.) A temporary stay of removal is still in effect. (*Id.*)

### C. Bond Hearing and Custody Redetermination

On July 12, 2013, Petitioner's custody status was reviewed and it was determined that he should remain in custody. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 26.) On July 14,

---

[4] Several months earlier, on February 21, 2013, before the BIA dismissed Petitioner's appeal, Petitioner filed a petition for review and a motion for temporary stay of removal with the Ninth Circuit in Case No. 13-70643. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 22, Attachment M.) The Ninth Circuit granted a temporary stay of removal while the petition for review remained pending. (*Id.*) On June 18, 2013, the Ninth Circuit dismissed the petition for review in Case No. 13-70643 for lack of jurisdiction. (*Id.*at ¶ 23; Attachment N.)

[5] On July 31, 2013, Petitioner filed a Motion to Reopen his removal proceedings with the Immigration Court in Florence, Arizona. (*Id.*at ¶ 28.) On August 13, 2013, the IJ denied the motion. (*Id.* at ¶ 28; Attachment Q.) On July 17, 2015, the BIA denied Petitioner's Motion to Reopen as moot. (*Id.* at ¶ 46, Attachment AA.)

1  2013, a Post Order Custody Review was conducted. (*Id.* at ¶ 27.) On July 24, 2014, it
2  was determined that Petitioner should remain in custody.[6] (*Id.*)

3     On October 4, 2013, Petitioner had a bond hearing before an IJ in Florence,
4  Arizona. (*Id.* at ¶ 30.) That same date, the IJ denied Petitioner's request for a change in
5  custody based on his conclusion that Petitioner represented a danger to the community
6  and a flight risk. (*Id.* at ¶ 30, Attachment S.) Petitioner reserved his right to appeal. (*Id.*)
7  On October 23, 2013, Petitioner timely appealed the IJ's October 4, 2013 decision to the
8  BIA. (*Id.* at ¶ 32.)

9     Petitioner had another bond hearing in November 2013 before an IJ in Florence,
10 Arizona. (*Id.* at ¶ 33, Attachment U.) In a November 15, 2013 decision, that was filed on
11 November 18, 2013, the IJ denied Petitioner's request for bond based on his finding that
12 Petitioner was a danger to the community and a flight risk. (*Id.* at ¶ 33, Attachment U;
13 Doc. 25, Ex. 2.) On February 7, 2014, the BIA affirmed the IJ's November 18, 2013
14 decision. (Doc. 25, Ex.1, Baeza Decl. at ¶ 34, Attachment V.)

15    On April 25, 2014, Petitioner's custody was reviewed by an IJ in Florence,
16 Arizona. His request for bond was denied based on the IJ's conclusion that Petitioner
17 was a danger to the community and a flight risk. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 36,
18 Attachment W.) On May 14, 2014, Petitioner appealed the IJ's decision denying him
19 bond to the BIA. (*Id.* at ¶ 38.) On December 19, 2014, the BIA adopted and affirmed the
20 IJ's April 25, 2014 order denying Petitioner's request for a change in custody status.
21 (*Id.* at ¶ 40, Attachment X.) In its decision, the BIA agreed with the IJ that Petitioner
22 failed to present materially changed circumstances since the prior bond order, and that he
23 remained both a danger to the community and a flight risk. (Doc. 25, Attachment X.)

24    On January 12, 2015, Petitioner's custody status was reviewed by an IJ in
25 Florence, Arizona. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 41.) That same day, the IJ denied
26 Petitioner's request for bond based on his finding that Petitioner was a danger to
27 community and a flight risk. (Doc. 25, Ex. 1, Baeza Decl., Attachment Z.)

28

---

[6] The Baeza declaration does not identify who conducted these custody reviews.

On July 17, 2015, Petitioner filed a "request for a bond hearing pursuant to *Casas-Castrillon*."[7]  (*Id.* at ¶ 46.)  On August 31, 2015, an IJ in Eloy, Arizona denied Petitioner's request for another bond hearing.  (*Id.* at ¶ 46, Attachment BB.)  Petitioner appealed that decision to the BIA.  (*Id.* at ¶ 46.)  That appeal was pending as of the date the government filed its response.  (*Id.* at ¶ 46, Attachment CC.)

### C.  Petition for U-Nonimmigrant Status Visa

In the meantime, on February 11, 2013, Petitioner filed a Petition for a U-Nonimmigrant Status Visa (U Visa) with the U.S. Citizenship and Immigration Services (USCIS), Vermont Service Center.  (*Id.* at ¶ 21, Attachment L.)  On June 26, 2013, USCIS denied Petitioner's petition for a U-Visa due to a lack of initial evidence, Petitioner's inadmissibility, and the lack of records indicating Petitioner had been approved for benefits under the U-Nonimmigrant Interim Relief program.  (Doc. 25, Ex. 1, Baeza Decl. at ¶ 24, Attachment L.)

On July 9, 2013, Petitioner filed a motion to reopen and a motion for re-consideration of his petition for a U Visa with USCIS. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 25, Attachment P).  On April 30, 2014, USCIS, dismissed that motion.  (*Id.* at ¶ 37, Attachment P.)  On June 3, 2014, Petitioner filed with USCIS another motion to reopen and a motion to reconsider the denial of his petition for a U Visa.  (Doc. 25, Ex. 1, Baeza Decl. at ¶ 39.)  On March 12, 2015, USCIS denied Petitioner's second motion to reopen and motion to reconsider the denial of his petition for a U Visa.  (*Id.* at ¶ 42.)

### D.  Federal Petition for Writ of Habeas Corpus

On August 31, 2015, Petitioner filed his pending Petition raising three grounds for relief.  (Doc. 18.)  In Grounds One and Three, Petitioner alleges that his prolonged detention while his petition for review is pending before the Ninth Circuit violates his

---

[7] The Baeza declaration refers to the April 25, 2014 and January 12, 2015 proceedings as "bond hearings." (Doc. 25, Ex. 1, Baeza Decl. at ¶¶ 36, 41.) However, Respondents' briefing does not characterize these proceedings as bond hearings under *Casas-Castrillon v. Dep't. of Homeland Security*, 535 F.3d 942, 948 (9th Cir. 2008), in which the Ninth Circuit held that an alien subject to prolonged detention under 8 U.S.C. § 1226(a) is entitled to an individualized hearing before an immigration judge. (Doc. 25.)

right to procedural and substantive due process. (Doc. 1 at 4, 6.) In Ground Two, Petitioner simply states "Denial of Bond." (Doc. 1 at 5.) As set forth below, the Court concludes that Petitioner is not entitled to relief and recommends that his Petition be denied.

## II. Denial of Bond

In Ground Two, Petitioner appears to challenge the denial of bond, however, he does not refer to a specific bond determination, or cite any facts or law to support his claim. (Doc. 1 at 5.) Petitioner's unsupported, conclusory allegations are insufficient to establish that he is entitled to habeas corpus relief. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague or conclusory claims without supporting factual allegations warrant summary dismissal of § 2255 motion); *see also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")).

Moreover, as Respondents argue (Doc. 25 at 9-10), the IJ's discretionary decisions granting or denying bond are not subject to judicial review. *See* 8 U.S.C. § 1226(e);[8] *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (stating that "[t]he alien may appeal the IJ's bond decision to the BIA . . . but discretionary decisions granting or denying bond are not subject to judicial review."). Accordingly, this Court lacks authority to review the IJ's discretionary bond decisions and, therefore, Petitioner is not entitled to habeas corpus relief on Ground Two.

## III. Due Process Claims

In Grounds One and Three, Petitioner alleges that his detention is not authorized by statute and violates his rights to substantive and procedural due process. (Doc. 1 at 4, 6.) Petitioner requests a bond hearing.

---

[8] Section 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e).

- 7 -

As set forth in Section I, Petitioner was issued a final order of removal, he appealed it to the BIA, and the BIA dismissed the appeal. (Doc. 25, Ex. 1, at ¶¶ 19, 20, Attachments J, K.) Thereafter, Petitioner filed a petition for review with the Ninth Circuit from the BIA's original decision and from its subsequent denial of a motion to reopen. (*Id.* at ¶¶ 23, 31, Attachments O, T.) Petitioner has obtained a stay of removal pending the Ninth Circuit's decision.

Under these circumstances, Petitioner's detention is authorized "under the Attorney General's general, discretionary detention authority under [8 U.S.C.] § 1226(a) [which] authorizes the Attorney General to detain an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Casas-Castrillon v. Dep't of Homeland Security*, 535 F.3d 942, 948 (9th Cir. 2008) (holding that the government is authorized to detain an alien who has been "subjected to a prolonged detention pending judicial review" of removal proceedings when the government provides adequate procedural protections). However, the Attorney General's discretionary detention authority is not unlimited. Discretionary detention authority under 8 U.S.C. § 1226(a) is limited to the "period reasonably necessary to bring about [an] alien's removal from the United States." *Prieto–Romero*, 534 F.3d at 1062 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 (2001)). This period can include the time in which judicial relief from the removal order is sought because, absent facts that would prevent a petitioner's removal to another country, an alien "foreseeably remains *capable* of being removed — even if it has not yet finally been determined that he *should* be removed — and so the government retains an interest in 'assuring [his] presence at removal.'" *Prieto–Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 699).

Although § 1226(a) authorizes Petitioner's detention pending judicial review of his final order of removal, the Attorney General cannot detain Petitioner for a prolonged period of time without providing him an individualized hearing before an immigration judge. The Ninth Circuit has held that 8 U.S.C. § 1226(a), discretionary detention of an alien, must be construed as requiring a bond hearing for the alien. *Casas–Castrillon*, 535

F.3d at 951. Due process "requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto–Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 690-691). "[P]rolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." *Casas-Castrillon*, 535 F.3d at 951. "Thus an alien is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a danger to the community.'" *Id.* at 951 (quoting *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)).

Petitioner has been in custody pursuant § 1226(a) for several years. However, in October or November 2013, Petitioner received a bond hearing before an IJ in accordance with *Casas-Castrillon*.[9] (Doc. 25, Ex. 1, Attachment BB; Ex. 2.) The IJ stated that the burden was on DHS to establish by clear and convincing evidence that Petitioner should not be released pending judicial review of his removal order because he is a danger to the community or a flight risk. (Doc. 25, Ex. 2 at 5.) The IJ found that the government met its burden. (*Id.* at 9.) In evaluating Petitioner's dangerousness, the IJ referenced Petitioner's criminal history including crimes involving forcible sodomy, assault, and theft. (*Id.* at 6-8.) The IJ next determined that Petitioner was a flight risk based on his history of failing to comply with immigration orders, his limited ties to the United States, and a disincentive for him to appear given the apparent weakness of his case. (*Id.* at 8-9.) Petitioner appealed that decision to the BIA, which affirmed the IJ's decision on February 7, 2014. (Doc. 25, Ex. 1, Attachment V.)

In addition, Petitioner has received numerous other custody reviews. (Doc. 25, Ex. 1 at ¶¶ 30, 36, 38, 41, 46.) On August 31, 2015, the IJ denied another request for a bond hearing under *Casas-Castrillon*. (Doc. 25, Ex. 1, Baeza Decl. at ¶ 46, Attachment

---

[9] The Baeza declaration states that Petitioner had bond hearings on October 4, 2013 and on November 18, 2013. (Doc. 25, Ex. 1, Baeza Decl. at ¶¶ 30, 33.) The IJ's November 15, 2013 order, that was filed on November 18, 2013, refers to the October 4, 2013 bond hearing, but does not mention a hearing in November 2013. (Doc. 25, Ex. 2 at 3.)

BB.)  The IJ noted that Petitioner did not argue, much less demonstrate, pursuant to 8 C.F.R. § 1003.19(e), as was his burden, that his circumstances had materially changed and, thus, warranted a new bond hearing.  (Doc. 25, Ex. 1, Attachment BB at 2.)

Considering Petitioner's bond hearing pursuant to *Casas-Castrillon* in the fall of 2013, and his subsequent custody reviews, his detention is not unlawful.  Accordingly, the Court recommends that Petitioner's request for habeas corpus relief and a bond hearing be denied.

**IV.    Motion for Expedited Release**

After the Petition was fully briefed, Petitioner filed a motion for expedited release under 28 U.S.C. § 1254(a).  (Doc. 27.)  The motion states that Petitioner appeals the IJ's denial of cancellation of removal and appears to raise similar challenges to Petitioner's detention as he asserts in the pending Petition.  The Court recommends that the motion be denied for the reasons set forth above.

**V.    Conclusion**

Petitioner has not shown that his current detention is not authorized by statute, or that it is a violation of due process.  Although Petitioner's detention has been lengthy, it is properly related to his ongoing removal proceedings, and he has been afforded an independent bond hearing by the Immigration Court and that decision was affirmed by the BIA.  Petitioner is not entitled to additional relief.

Accordingly

**IT IS RECOMMENDED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus (Doc. 18) and Motion for Expedited Release (Doc. 27) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within

1  which to file a response to the objections. Failure to file timely objections to the
2  Magistrate Judge's Report and Recommendation may result in the District Court's
3  acceptance of the Report and Recommendation without further review. *See United States*
4  *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 15th day of December, 2015.

*Bridget S. Bade*
Bridget S. Bade
United States Magistrate Judge