WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Flores-Delgado, | No. CV-15-01273-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Loretta Lynch, et al., | |
| Respondents. | |

On June 5, 2015, Petitioner filed a Petition for Writ of Habeas in California. Ultimately, on July 8, 2015, Petitioner's Petition was transferred to Arizona. On December 16, 2015, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation recommending that Petitioner's Petition be denied by this Court.

Petitioner has filed two motions for extensions of time to file objections to the Report and Recommendation. Embedded in both of those motions is a request for appointment of counsel.

"There is no constitutional right to counsel on habeas." *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court has discretion to appoint counsel when a magistrate or the district court "determines that the interests of justice so require." *Terronova v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In this case, the Court finds Petitioner can and has articulated his claims well pro se. Further, given that the Magistrate Judge has already recommended that Petitioner's Petition be denied, the Court does not find a high likelihood of success on the merits. Accordingly,

**IT IS ORDERED** that to the extent the motions for extension of time (Docs. 31 and 32) seek an extension of time to file objections, they are granted. Petitioner shall file his objections to the Report and Recommendation by February 1, 2016. To the extent the motions seek appointment of counsel, they are denied.

Dated this 6th day of January, 2016.

James A. Teilborg
Senior United States District Judge